```
             UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

DAVID WATLINGTON,                :
                                 :
        Plaintiff                :    No. 1:15-CV-02120
                                 :
   vs.                           :    (Judge Kane)
                                 :
J. REIGEL, et al.,               :
                                 :
                                 :
                                 :
        Defendants               :

## MEMORANDUM

### Background

On November 4, 2015, Plaintiff David Watlington, an inmate incarcerated at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"), filed a 7-page typewritten complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977).[1]  (Doc. No. 1.)  Along with his complaint, Watlington submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. No. 2.)[2]

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. Watlington is presently confined at the United States Penitentiary at Leavenworth, Kansas.

Watlington named as Defendants the following four individuals employed at FCI-Schuylkill: (1) J. Reigel who he refers to as an employee of the Education Department; (2) J. Mika, who he also refers to as an employee of the Education Department; (3) Counselor Ginger; and (4) Warden Perdue. (Doc. No. 1, at 1-2.)

Watlington's complaint was a rambling, disjointed and conclusory document containing nonsensical legalese and irrelevant political and social commentary. He also referred to one of the defendants, J. Mika, in a derogatory manner, i.e., "Walking Dead" and "Common Stiff." The gist of the complaint was that on July 22, 2015, he claimed he was the victim of "racial gerrymandering," racial bias and racial profiling when he was issued an incident report charging him with Bureau of Prisons' prohibited act 305 which he describes as possessing legal materials of another inmate.[3] Watlington claimed the materials were discovered during a search of his cell and that he was not present when that search was conducted but was in the law library or education department. Watlington claimed that the Defendants conspired to retaliate against him for engaging in legal work and assisting other inmates. Watlington stated at one point in the complaint that he received the incident report at 1:20 p.m on July 22, 2015, and then inconsistently at a subsequent point he stated he was issued

---

3. Prohibited Act 305 is a Moderate Severity Level Prohibited Act which states as follows: "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." 28 U.S.C. § 541.3 (Table 1).

the incident report by a Lieutenant at 6:37 p.m.  Watlington gave no details regarding the disposition of the incident report. Watlington claimed he had been subjected to verbal abuse and harassment by Defendants for "the least minor fractions." (sic) With respect to Warden Perdue, there were no allegations leveled against the Warden indicating he had any personal involvement in the incidents of which Watlington complains.[4]  Finally, Watlington did not allege that the Defendants retaliated against him for filing civil complaints or grievances relating to prison conditions.

As relief, Watlington requested (1) the issuance of a declaratory judgment against all of the Defendants finding that they conspired against him; (2) the issuance of an injunction against Defendants, including that Defendants Mika and Ginger "stay 10 feet from" him; and (3) compensatory and punitive damages totaling $280,000.00.  By memorandum and order of May 18,  2016, Watlington's complaint was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint within 20 days.

---

4.  Although naming Warden Perdue in the caption of the complaint, Watlington in the body of the complaint merely stated that "Warden Perdue was the warehouseman for inmates at FCI Schuylkill and was not a party to civil complaint." (Doc. No. 1, at 1.)

After being granted an extension of time, Watlington on July 6, 2016, filed what purports to be an amended complaint. Watlington again raises a conspiracy claim, equal protections claim and retaliation claim under <u>Bivens</u>. The amended complaint in no way cures the defects in the original complaint and for the reasons set forth in this court's memorandum of May 15, 2016, will be dismissed without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order will be entered.